O
JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLFIN AI-CA 5, LLC,<br><br>           Plaintiff,<br>    v.<br><br>YADIRA ILIANA GONZALES, All Occupants in Possession, and Does 1 to 10,<br><br>           Defendants. | Case No. 2:14-cv-0180-ODW(SHx)<br><br>**ORDER REMANDING ACTION TO LOS ANGELES COUNTY SUPERIOR COURT** |

On January 8, 2014, Defendant Yadira Iliana Gonzales removed this unlawful-detainer action to this Court. (ECF No. 1.) Having carefully considered the papers filed in conjunction with Gonzales's Notice, the Court **REMANDS** this case to the Los Angeles County Superior Court for lack of subject-matter jurisdiction.

Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress. *See, e.g.*, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A federal court has original jurisdiction over cases asserting a federal question or diversity jurisdiction. *Id.* §§ 1331, 1332; *Transmission Agency of N. Cal. v. Sierra Pacific Power Co.*,

295 F.3d 918, 924. A removed action must be remanded to state court if the federal court lacks subject-matter jurisdiction. 28 U.S.C. § 1447(c).

The party seeking removal bears the burden of establishing federal jurisdiction. *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)). "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). A plaintiff may therefore avoid federal jurisdiction by relying exclusively on state law, since "federal jurisdiction cannot be predicated on an actual or anticipated defense." *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009); *see also Hunter v. Phillip Morris USA*, 582 F.3d 1039, 1042–43 (9th Cir. 2009) ("It is settled law that a case may not be removed to federal court on the basis of a federal defense." (internal quotation marks omitted)).

A case removed from state court should be remanded if it appears that it was removed improvidently. 28 U.S.C. § 1447(c). Because the "removal statutes are strictly construed against removal," doubts about removal must be resolved in favor of remand. *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979); *see also Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

Gonzales premises her removal solely on federal-question grounds. But on its face, Colfin AI-CA5, LLC's state-law unlawful-detainer Complaint does not present a federal question. *Aurora Loan Servs. v. De La Rosa*, No. 11-912, 2011 U.S. Dist. LEXIS 69217, at *3 (C.D. Cal. June 27, 2011); *see also IndyMac Fed. Bank, F.S.B. v. Ocampo*, No. 09-2337, 2010 WL 234828, at *2 (C.D. Cal. Jan. 13, 2010) (sua sponte remanding an action to state court for lack of subject matter jurisdiction where plaintiff's complaint contained only an unlawful detainer claim); *Galileo Fi. v. Miin Sun Park*, No. 09-1660, 2009 WL 3157411, at *1 (C.D. Cal. Sept. 24, 2009) ("Here,

the complaint only asserts a claim for unlawful detainer, a cause of action that is purely a matter of state law. Thus, from the face of the complaint, it is clear that no basis for federal question jurisdiction exists.").

Gonzales alleges that this Court has federal-question jurisdiction because the unlawful-detainer action "rais[es] Federal Questions about the Obama's Protect the Tenant at Foreclosure Act." (Not. of Removal 4.) But the underlying issue in this case is not an alleged violation of federal law. Rather, Colfin AI-CA5, LLC brought an unlawful-detainer action against Gonzales as the result of a completed trustee's sale. (Compl. ¶ 7–8.) An unlawful-detainer action is a purely a creature of state—not federal—law. *Galileo Fin. v. Miin Sun Park*, No. 09-1660, 2009 WL 3157411, at *1 (C.D. Cal. Sept. 24, 2009) ("Here, the complaint only asserts a claim for unlawful detainer, a cause of action that is purely a matter of state law. Thus, from the face of the complaint, it is clear that no basis for federal question jurisdiction exists."). Any federal defense Veliz Defendants raise is irrelevant with regard to jurisdiction. *Vaden*, 556 U.S. at 60; *Hunter*, 582 F.3d at 1042–43. Therefore, the Court does not have jurisdiction over this case.

The Court therefore finds that it lacks subject-matter jurisdiction and **REMANDS** this action to the Superior Court of California, Los Angeles County, 1725 Main Street, Santa Monica, California 90401, case number 13P03494. The Clerk of the Court shall close this case.

**IT IS SO ORDERED.**

January 23, 2014

_____
OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE

cc; order, docket, remand letter to Los Angeles Superior Court,
West District, Santa Monica, No. 13P03494